WILLIAM P. SINNOCK AND HORACE D. SHERRILL v.
GEORGE S. HOSMER, CIRCUIT JUDGE OF
WAYNE COUNTY.

*Practice in circuit court—Assessment of damages on default—Notice.*

1. A notice of assessment of damages may be for a day in term, but must be served 14 days before the time fixed for such assessment.

2. The words, "like notice as is required of the trial of a cause," used in How. Stat. § 7647, which provides that "if the defendant shall have appeared in the cause by attorney, or shall have given notice of his intention to appear and defend the action, the like notice of assessment of damages by the clerk shall be given as is required of the trial of a cause," refer to the length of time that must elapse between the service of the notice and the assessment.

*Mandamus.* Submitted October 31, 1893. Granted November 10, 1893.

Relators applied for *mandamus* to compel the assessment of damages in an action brought by them. The facts are stated in the opinion.

*Bowen, Douglas & Whiting,* for relators.

*Dickinson, Thurber & Stevenson,* for respondent.

McGRATH, J. Relators commenced a suit in the Wayne circuit court by declaration. Defendants entered their appearance, but their default was taken and made absolute for want of a plea. On September 21, 1893, plaintiffs served upon the attorneys for defendants a notice of the assessment of damages by the court for October 6, 1893. On October 6 defendants appeared, and objected to the assessment of damages, on the ground that the notice for

the assessment of damages was not given 14 days before the commencement of the term of court at which such assessment was to be made. The court sustained the objection, and this is an application for a *mandamus* to compel the court to proceed with the assessment. The notice was served after the commencement of the term at which the assessment was proposed.

Section 7551 of the statutes provides for written notice of trial of every issue of fact. There was, however, no issue framed or made. To constitute an issue, there must be both affirmance and denial.

Section 4 (How. Stat. § 7647) of chapter 265 of the statutes provides that, in case of an appearance, "the like notice of assessment of damages by the clerk shall be given as is required of the trial of a cause." Section 15 (How. Stat. § 7658) of the same chapter provides that in all other suits wherein, by the preceding provisions, the clerk is not authorized to assess the damages, they may be assessed by a jury. Our statutes contain no other provisions regulating the practice in case damages are to be assessed by court or jury. We think it is clear that section 15 (7658) must be construed in connection with section 4, and must be considered as requiring the same notice in case of an assessment other than by the clerk as is required by section 4 (7647). Sections 1 to 14 of this chapter are taken from the N. Y. Statute (2 Rev. Stat. N. Y. 1836, 280). Section 15 of our statute does not appear in the New York statute. Under that statute, damages were assessed upon a writ of inquiry, and the practice relating to such writ was fixed by statute or rule, as under the English practice. The writ of inquiry is unknown in our practice.

But does the language, "like notice as is required of the trial of a cause," signify that the notice of assessment of damages must be a notice for the first day of the term

at which the assessment is intended to be- had, or that the notice of an assessment of damages must be given 14 days before the first day of the next term of court after default absolute? Such a construction would make an appearance more effectual for delay than a plea, for, in a suit commenced in vacation, a plea would force the defendant to trial at the next term, while an appearance only would compel plaintiff to wait for an interlocutory judgment upon default absolute, which could only be had after the lapse of four days in term, and the notice for assessment would necessarily be for the next term following. We think that the words "like notice" refer to the character of the notice itself,—the length of time that must elapse between the service of the notice and the assessment. A notice of trial is for the first day of the term, and it is only where there is an issue joined that a cause is entitled to be placed upon the docket.

The writ must issue as prayed.

The other Justices concurred.